UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACEY CARFORA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALLSTATE NEW JERSEY INSURANCE COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 22-4272 (GC) (LHG)<br><br>**MEMORANDUM ORDER** |

　　　　This matter comes before the Court upon Defendant Allstate New Jersey Insurance Company's ("Allstate") Motion to Dismiss. (ECF No. 9.) Plaintiff Tracey Carfora ("Plaintiff") did not oppose. Plaintiff's Complaint contains two counts: (1) breach of contract for failure to pay benefits (Count I); and (2) statutory and common law bad faith for failure to pay benefits (Count II). (*See generally* Compl., ECF No. 1-3.) Allstate seeks only to dismiss Count II. (Def.'s Moving Br. 1, ECF No. 9-1.)

　　　　Plaintiff's Complaint arises from an automobile accident from June 2019. (Compl. ¶ 1-2.) After exhausting the tortfeasor's policy limits, Plaintiff alleges that she timely notified Allstate of her underinsured motorist ("UIM") claim. (*Id.* ¶¶ 4, 7.) According to Plaintiff, she complied with the obligations of her insurance policy, yet Allstate failed to pay her claims. (*Id.* ¶ 7.) Plaintiff views Allstate's failure to pay her benefits as bad faith.

　　　　Plaintiff does not allege any facts supporting her bad faith claim. (*See generally* Compl.) As far as the Court can gather, the only allegation related specifically to Plaintiff's bad faith claim is that Allstate's denial of Plaintiff's benefits "constitutes unreasonable conduct pursuant to the New Jersey Insurance Fair Conduct Act and bad faith pursuant to New Jersey common law."

(Compl. ¶ 3.)

This is insufficient to survive the pleading stage. To establish a bad faith claim, Plaintiff "must demonstrate the absence of a reasonable basis for denying benefits of the policy." *Pickett v. Lloyd's*, 621 A.2d 445, 453 (N.J. 1993) (citation omitted). "[T]he mere allegation that [an insurer's] denial of coverage inferentially establishes bad faith relies on the very speculation that *Twombly* forbids." *Raritan Bay Fed. Credit Union v. CUMIS Ins. Soc'y*, No. 09-1512, 2009 WL 2223049, at *3 (D.N.J. July 23, 2009); *see also Yapak, LLC v. Mass. Bay Ins. Co.*, No. 09-3370, 2009 WL 3366464, at *1 (D.N.J. Oct. 16, 2009).

Here, Plaintiff did not allege sufficient facts to suggest that Allstate lacked a reasonable basis to deny Plaintiff's UIM claim. Plaintiff's only allegation related to the bad faith claim is conclusory, and it is insufficient to survive Allstate's Motion to Dismiss.

Accordingly,

**IT IS** on this 28th day of February, 2023, **ORDERED** that:

1. The Court grants Defendant's Motion to Dismiss (ECF No. 9).

2. Plaintiff may file an amended complaint by **March 28, 2023**.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE